

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| TY'SHUN MARIO KAL'LIEM BESSELLIEU, § <br> Plaintiff, § <br> § <br> vs. § <br> § Civil Action No. 8:21-cv-01067-MGL <br> SHEP BONE, SERGEANT CHURCH, JOHN § <br> GREGORY, NOEL SMITH, SHANE § <br> POWERS, ALLEN MORRIS, ONE § <br> UNKNOWN AUTHORITY OF THE § <br> GEORGETOWN COUNTY DETENTION § <br> CENTER, ROBERT HARRY O'DONNEL, § <br> JIMMY A. RICHARDSON, II, ALICIA A. § <br> RICHARDSON, WARDEN OF KIRKLAND § <br> CORRECTIONAL INSTITUTION, BRYAN P. § <br> STIRLING, JANA HOLLIS, COLONDA § <br> ROBINSON, WARDEN OF LEE § <br> CORRECTIONAL INSTITUTION, § <br> JERMAINE MOORE, AND WARDEN OF § <br> BROAD RIVER CORRECTIONAL § <br> INSTITUTION, § <br> Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT FURTHER LEAVE TO AMEND AND WITHOUT ISSUANCE OF SERVICE OF PROCESS**

Plaintiff Ty'Shun Mario Kal'Liem Bessellieu (Bessellieu), proceeding pro se and in forma pauperis, filed this civil action against Shep Bone, Sergeant Chrurch, John Gregory, Noel Smith, Allen Morris, one unknown authority of the Georgetown county detention center, Robert Harry O'Donnel, Jimmy A. Richardson, II, Alicia A. Richardson, Warden of Kirkland Correctional Institution, Bryan P. Stirling, Jana Hollis, Colonda Robinson, Warden of Lee Correctional

Institution, Jermaine Moore, and Warden of Broad River Correctional Institution (collectively, Defendants), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Bessellieu's complaint be dismissed pursuant to 28 U.S.C. § 1915 and § 1915(a) without further leave to amend and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 3, 2021. To date, Bessellieu has failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the

judgment of the Court Bessellieu's complaint is **DISMISSED** without further leave to amend and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 30th day of June 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.